## Gilton's Estate.

*Decedents' estates—Claims—Debts—Award of Workmen's Compensation Board—Claim of preference—Acts of June 2, 1915, April 19, 1794, Feb. 24, 1834, April 9, 1872, and May 12, 1891.*

1. A claim against a decedent's estate based on an award of the Workmen's Compensation Board has no preference over decedent's general debts.

2. The provision of the Workmen's Compensation Act of June 2, 1915, P. L. 736, giving an award under the act the same preference as a wages claim, does not alter or interfere with the distribution of the assets of a decedent according to the familiar and long-established practice under the Acts of April 9, 1872, P. L. 47, and May 12, 1891, P. L. 54, neither of which was repealed by the Fiduciaries Act of June 7, 1917, P. L. 447.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1926, No. 3641.

*Todd Daniel,* for Workmen's Compensation Board, exceptant.

*Charles Hunsicker* and *John G. Bechtel,* contra.

Gest, J., Feb. 3, 1928.—John W. Gilton died intestate on May 25, 1925, and the account of his administrator showed a balance due the estate of $592.09, which, as the estate was insolvent, was awarded by the Auditing Judge among his creditors *pro rata,* their claims amounting to about $2700. Among these claims there was noted, in the petition for distribution, that of Thomas Glancey for $267.50 on an award of the Workmen's Compensation Board for personal injuries sustained on May 14, 1925, in the lifetime of the decedent. The accountant submitted the question to the Auditing Judge whether or not this claim was entitled to a preference, and the Auditing Judge stated: "In the absence of any offer to show a preference, the Auditing Judge sees no reason why this particular creditor should not be treated the same as others." Exceptions were filed by Thomas Glancey to this adjudication. No testimony was offered at the audit to show the facts of the case, and, consequently, the record thereof is in a very unsatisfactory condition. However, at the argument, the paper-books of counsel contained the following statement of the facts, which may be assumed to be agreed on as correct:

It appeared therefrom that on Sept. 25, 1925, a hearing was had on the claim petition of Thomas Glancey before a referee under the Workmen's Compensation Act, and the referee, on Oct. 13, 1925, made his findings of fact and award as follows:

Thomas Glancey,
1811 McClellan St., Phila., Pa.,
Claimant,
v.
Bernard W. Gilton, Administrator of Estate of John W. Gilton, Deceased,
Defendant.

Claim Petition No. 23,393.

Hearing in the above case was held on Friday, Sept. 25, 1925, at 1 P. M., before Harold S. Shertz, Referee, First District, at his office, 301 Manhattan Building, Philadelphia, Pa., pursuant to notice.

Appearances:
Mr. Thomas Glancey, 1811 McClellan Street, Phila., Pa., the claimant in person; and
Charles Hunsicker, Esq., 708 Bailey Building, Phila., Pa., Attorney for defendant.

Witnesses:
Dr. Joseph M. Endres, 1436 So. 15th Street, Philadelphia, Pa.
Hugh McKee, 4853 N. Sydenham Street, Philadelphia, Pa.

Gilton's Estate.

### Findings of fact.

1. That, on May 14, 1925, and for some time prior thereto, Thomas Glancey, the claimant, was working in the employ of John W. Gilton as a stone-mason at average weekly wages of $45.32.

2. That neither the said claimant nor the said John W. Gilton had rejected article iii of the Workmen's Compensation Act of 1915, as amended.

3. That at the time of the accident hereinafter recited the said John W. Gilton had no insurance carrier.

4. That, on May 14, 1925, while in the course of his employment with the said John W. Gilton, a heavy stone accidently fell upon the right hand of the claimant, as a result of which a piece of stone was imbedded in the index finger of the claimant's right hand, which became infected, and caused him to be totally disabled from the date of said accident until Sept. 21, 1925, when said disability ceased.

5. That the reasonable expenses of the claimant for medical and surgical services and supplies during the first thirty days of his disability were as follows: To Dr. Joseph M. Endres, 1436 South 15th Street, Philadelphia, Pa., the sum of $58.50; and to Dr. M. F. Percival, for X-ray examination, the sum of $5; amounting in all to the sum of $63.50; no part of which has been paid by the defendant.

6. That the said John W. Gilton, the employer of said claimant, died at Philadelphia on May 25, 1925, and letters of administration upon his estate were granted to Bernard W. Gilton, named herein as defendant, by the Register of Wills of Philadelphia County. That the said Bernard W. Gilton, administrator as aforesaid, has had due notice of these proceedings.

### Conclusions of law.

From the facts above recited, the referee concludes as a matter of law that both the claimant and his employer were bound by the provisions of article iii of the Workmen's Compensation Act of 1915, as amended; that the claimant, having sustained an accident, with resultant disability, while in the course of his said employment, he is entitled to compensation in accordance with the following

### Award.

Compensation is awarded and the defendant, Bernard W. Gilton, administrator of the estate of John W. Gilton, deceased, is ordered and directed to pay to Thomas Glancey, the claimant, 60 per cent. of $20, or the sum of $12 per week, beginning ten days after disability began, on May 14, 1925, or from May 24, 1925, until Sept. 21, 1925, a period of seventeen (17) weeks, making the sum of $204; and, also, the sum of $63.50 for the reasonable expenses of the claimant for medical and surgical services and supplies during the first thirty days of his disability; making the total award the sum of $267.50.

The exceptant based his claim for preference upon section 318 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 7 Purd. 7785, which provides: "The right of compensation granted by this article of this act shall have the same preference (without limit of amount) against the assets of an employer liable for such compensation as is now or may hereafter be allowed by law for a claim for unpaid wages for labor."

On the other hand, counsel relied upon section 13 (a) of the Fiduciaries Act of 1917, which prescribes the order of payment of decedent's debts as follows: "All debts owing by any person within this State, at the time of his decease, shall be paid by his executors or administrators, so far as they have assets, in the manner and order following, viz.: 1. Funeral expenses, medicines furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year. 2. Rents, not exceeding one year. 3. All other debts, without regard to the quality of the same, except debts due to the Commonwealth, which shall be last paid."

We shall consider the important question raised in this case without discussing the constitutionality of this section of the Workmen's Compensation Act, which was argued by counsel. We assume its constitutionality and con-

Gilton's Estate.

fine our opinion to the question whether the act was intended to apply to the distribution of the assets of a decedent's estate, and this requires us to review the legislation upon the subject of preferred claims against those assets, beginning with the Act of April 19, 1794, 3 Sm. Laws, 143. This act, in section 14, provides (so far as is here material) that "all debts owing by any person within this State at the time of his or her decease shall be paid by his or her executor or administrator, so far as they have assets, in the manner and order following: First, physic, funeral expenses and servants' wages; second, rents, not exceeding one year." This was followed by section 21 of the Act of Feb. 24, 1834, P. L. 76, 1 Purd. 1103, which granted a preference in the first class to funeral expenses, medicines furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year, and the decisions confined the servants' wages so preferred to domestic servants. This class was enlarged by the Act of April 9, 1872, P. L. 47, extended by amendment by the Act of May 12, 1891, P. L. 54, 4 Purd. 5039, which acts distinctly refer, as we read them, to wages due at and before his death. These acts were not repealed by the Fiduciaries Act, being *in pari materia,* and are so recognized: Koenig's Estate, 1 D. & C. 523. That they were all intended to apply to the distribution of the assets of a deceased employer is apparent from their express language. The Workmen's Compensation Act of June 2, 1915, P. L. 736, 7 Purd. 7785, however, is very different in purpose and expression. We do not discover in the whole act a word to provide, or even to imply, that the preference therein provided shall be allowed against the assets of a deceased employer distributable under the jurisdiction of this court, and our conclusion is that it was not intended to alter or to interfere with the distribution of the assets of a decedent's estate, according to our familiar and long-established practice.

In the present case, it appears that the claimant had been employed by the decedent at the average weekly wage of $45.32; that the accident occurred on May 14, 1925, and that the decedent died on May 25, 1925. The disability of the claimant ceased on Sept. 21, 1925, and the hearing took place before a referee on Sept. 25, 1925. The referee, as above stated, awarded for medical expenses during the first thirty days of the claimant's disability $63.50, and for wages $12 per week, beginning ten days after the disability began on May 14, 1925 (the decedent died on May 25, 1925), until Sept. 21, 1925, or $204, making a total award of $267.50.

To allow the preference claimed in this case would lead to extraordinary results. The wages, not earned at all, but accruing after the death of the employer, would be given a preference over debts due at the time of his decease, and so would the medical services rendered to the employee during a period extending since the employer's death. Indeed, the learned counsel for the claimant even argued that, under his construction of the Workmen's Compensation Act, the award would rank as a preference before the funeral expenses of the decedent, who might be left unburied or buried by charity, in order that the employee's compensation might be first paid.

And it may be further noticed that, in case of total disability of the employee, the consequent payment of compensation might, under section 306, continue for 500 weeks, and the final settlement of the estate be suspended for that period, unless the compensation be commuted in the discretion of the Compensation Board and in the circumstances referred to in that section.

The Auditing Judge ruled that the claim of Thomas Glancey, as stated, should be allowed only as a general debt, and no exceptions have been filed

Gilton's Estate.

by the administrator or by the creditor to this ruling; so, without further elaboration, the exceptions of Thomas Glancey, claiming as a preferred creditor, are dismissed and the adjudication is confirmed absolutely.